IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JUSTIN HEMPHILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:20-cv-384-JDK-KNM |
| | § | |
| KEITH GORSUCH, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Justin Hemphill, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

In general, Plaintiff complains of the conditions of confinement at TDCJ's Beto Unit. He argues that in July of 2019, he and other prisoners were moved to O Wing, which he claimed was a "condemned area." Plaintiff also complains about leaking pipes.

On May 12, 2021, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice for failure to state a claim upon which relief can be granted. Docket No. 11. The Report noted that according to Plaintiff's pleadings and exhibits, prison officials have consistently acted to remedy the problems brought to their attention, including cleaning and sanitizing

O Wing and repairing leaks and broken pipes. Consequently, the Magistrate Judge found that Plaintiff did not meet the high standard of deliberate indifference. The Report further noted that Plaintiff did not set out any cognizable harm suffered as a result of the conditions complained of. Plaintiff timely objected. Docket No. 21.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff insists the Defendants continue to disregard his requests to fix water leaks and make O Wing livable. He states that O Wing was condemned for specific reasons including the inability to fix water leaks and plumbing problems, though he does not state who condemned the wing or how he knows this. Plaintiff also claims he suffered chest pains and respiratory problems and that just because a work order was submitted does not justify the Defendants' actions. Plaintiff argues that he should have been moved to another wing until O Wing was "reconstructed for humanity to be able to reside on" and the defendants are "disregarding this matter completely." Docket No. 21.

As the Magistrate Judge correctly observed, Plaintiff's pleadings and exhibits show that the Defendants acted each time complaints were brought to their attention.

Prison officials had a cleaning crew spend four days cleaning O Wing before moving any inmates there. Docket No. 12 at 4. Plaintiff's exhibits show that when he complained about pipe leaks, the complaint was referred to the maintenance department and repairs were made. Docket No. 12 at 9–10.

The Fifth Circuit has explained that deliberate indifference is "an extremely high standard to meet," requiring a showing that the prison official knows that an inmate faces a substantial risk of serious bodily harm and disregards that risk by failing to take reasonable measures to abate it. *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020). Deliberate indifference cannot be inferred merely from a negligent or even grossly negligent response to a substantial risk of serious harm. *Id.* (citing *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)). The Magistrate Judge properly determined that Plaintiff's pleadings do not state a viable claim for deliberate indifference. *See Cotton v. Taylor*, 176 F.3d 479, *4 (5th Cir. 1999) (prison officials' attempts to repair a leaky roof refuted claim of deliberate indifference despite the fact that the conditions created by the water leaks were serious enough to deprive the prisoners of minimally safe housing); *Atkins v. Sheriff's Jail, Avoyelles Parish*, 278 F. App'x 438 (5th Cir. 2008) (claim of unreasonableness or negligence with regard to repairing water leaks was not sufficient to show deliberate indifference).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly,

the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 19) as the opinion of the District Court.  Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **17th** day of **June, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE